UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


**LENETRA JEFFERSON**                                **CIVIL ACTION**

**VERSUS**                                           **NO. 13-2626**

**DELGADO COMMUNITY COLLEGE**
**(CHARITY SCHOOL OF NURSING)**                      **SECTION "B"(1)**


                         ORDER AND REASONS

   Before the Court is Defendant's Motion to Dismiss. (Rec. Doc. No. 5). In response, Plaintiff filed a Memorandum in Opposition. (Rec. Doc. No. 7). Defendant filed a reply thereto. (Rec. Doc. No. 12). Accordingly, and for the reasons enumerated below **IT IS ORDERED** that said motion is **DENIED**.

**Cause of Action and Facts of the Case:**

   This case arises out of Plaintiff Lenetra Jefferson's employment with Defendant Delgado Community College, Charity School of Nursing. Jefferson served as an educational coordinator with the school's Practical Nursing program. (Rec. Doc. No. 1-5, at ¶ 4). Jefferson alleges she was retaliated against and suffered discrimination after she reported discriminatory treatment toward African American students at the school. (*Id.* at ¶¶ 4, 14). She alleges violations of 42 U.S.C. § 2000e and other statutory or regulatory prohibitions against discrimination and harassment. (*Id.* at ¶ 14).

   The case was originally filed on January 29, 2011 in the Civil

District Court for the Parish of Orleans. (Rec. Doc. No. 1-5). The case was then removed to this Court on May 3, 2013. (Rec. Doc. No. 1). The Louisiana Department of Justice now seeks to dismiss the petition under Fed. R. Civ. P. 12(b)(4) and (6), contending that the Defendant named in the suit is not an entity with capacity to sue or be sued.

**Law and Analysis:**

Federal Rule of Civil Procedure 17 governs the capacity of a party to sue or be sued. Rule 17(b)(3) instructs that, if the party being sued is neither a corporation or an individual, then the law of the state where the federal court is located determines the capacity of the party to be sued. In the instant case, Defendant "Delgado Community College (Charity School of Nursing)" is neither a corporation nor an individual, but rather a state operated school. (Rec. Doc. No. 5-2 at 1). Therefore, the Court must look to Louisiana law to determine whether the school has the capacity to be sued.

Louisiana law instructs that, in order to sue or be sued, "[a]n entity must qualify as a juridical person." *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2006). When this test is applied to local government units, the relevant consideration is whether the entity sued is an autonomous body of government. As the Louisiana Supreme Court has stated, "a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to

function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 347 (La. 1994). Thus, a government body may not be sued if it is merely a dependant sub-body of a larger government agency. *See Dejoie,* 945 So. 2d at 972 (rejecting claim that an en banc panel of the Civil District Court for the Parish of Orleans was a juridical person). But where a governmental body has authority to regulate its own functions, or where the State is in fact the party of interest and is being sued "through" the government agency, the juridical person requirement is met. *See Roberts*, 634 at 347 (concluding the Sewerage and Water Board of New Orleans is a juridical person); *see also Dejoie,* 945 So. 2d at 972 (finding the Civil District Court for the Parish of Orleans(CDC) to be a proper defendant when the State was a named defendant and was sued "through" the CDC).

Here, the Louisiana Department of Justice does not challenge that the Delgado Community College, Charity School of Nursing, is an agency of the State of Louisiana. Indeed, in their Motion to Dismiss, the Department concedes that the named Defendant is one of "our clients" which include "Louisiana agencies and agents." (Rec. Doc. No. 5-2 at 2). The only claim raised by the Department in its Motion to Dismiss is that the Defendant listed was improperly named.

In *Dejoie v. Medley* the Louisiana Court of Appeals for the Second Circuit held that where the State of Louisiana is sued

"through" one of its governmental subdivisions, the juridical person requirement is satisfied. 945 So. 2d 968, 972 (La. App. 2006). There, Plaintiff named the State of Louisiana through the Civil District Court for the Parish of Orleans (CDC) as Defendants. *Id.* at 970. Defendants claimed that the CDC was not a juridical person capable of being sued. *Id.* at 973. The court rejected this argument, holding "Defendants focus on whether the CDC itself is a juridical person, they fail to appreciate that the *State* is the named defendant in the suit. The State is an entity that can be sued." *Id.* (citing La. Const. art. 12, § 10).

Here, like in *Dejoie*, the State of Louisiana is the ultimate party being sued through one of its agencies. In her original complaint, Plaintiff listed as Defendant "Delgado Community College (Charity School of Nursing) . . . upon information and belief an agency or instrumentality of the government of the State of Louisiana." (Rec. Doc. No. 1-5 at ¶ 2). Plaintiff served process on the Louisiana Attorney General and the Louisiana Office of Risk Management, and indicated in her citation that she was suing the "Delgado Community College" "through" "the Louisiana Attorney General" and "the Louisiana Office of Risk Management." (Rec. Doc. No. 4-5 and 4-6). Thus, the State has been given adequate notice that it has been sued through one of its agencies, and has been given ample opportunity to defend that suit.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, this 4th day of October, 2013.

_____
UNITED STATES DISTRICT JUDGE